IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

GEORGE W. ADLER and
DEBRA ALDER, as TRUSTEES
of the ALDER EMPLOYEES
PENSION FUND,

Plaintiffs,

v.

B.C. ZIEGLER AND COMPANY,

Defendant,

and

BANK ONE TRUST COMPANY, N.A.,

Defendant and Third-Party Plaintiff

v.

ALDER GROUP, INC.,

Third-Party Defendant                           No. 01-C-1119

## MEMORANDUM AND ORDER

Before the Court is a Motion in Limine filed by Defendant B.C. Ziegler ("Ziegler" or "Defendant") on August 8, 2005. (Doc. 129.) In its Motion, Ziegler argues that "any argument or evidence" regarding the value of Dean Foods Company ("Dean"), Fleming Companies, Inc. ("Fleming"), and Schultz Save-O-Stores ("Schultz") stock should be precluded because "the values are irrelevant to the amount of damages to which Plaintiffs may be entitled." (*Id.*) Plaintiffs respond in opposition. (Doc. 133.)

Relevant evidence is evidence that tends "to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." **FED. R. EVID. 401**. Evidence that is irrelevant is inadmissible. **FED. R. EVID. 402**. Here, Defendant argues that evidence of the value of the Dean, Fleming, and Schultz stock is irrelevant because any damages ultimately recovered by Plaintiff must be based solely on the gains Plaintiffs could have potentially realized had their funds been invested in a "reasonably prudent alternative investment." Defendant's position, in other words, is that from the point at which Plaintiff's Dean, Fleming, and Schultz stock was sold onward, Plaintiff is only entitled to what a reasonably prudent alternative investment would have earned, and therefore the post-sale value of the Dean, Fleming, and Schultz stock is of no consequence.

The Court declines to adopt this reasoning. The Court's analysis turns on whether or not the "reasonably prudent alternative investment" approach is an appropriate manner of approximating damages in this matter. The Court finds that it is not. This approach attempts to approximate the value of a plaintiff's holdings had the plaintiff's fiduciaries selected prudent investment vehicles. Here, however, no imprudent investment decisions were made. Plaintiff does not sue fiduciaries who had discretion to make investment decisions. Rather, Plaintiff sues claiming that its alleged fiduciaries — Ziegler and Bank One — improperly liquidated stock holdings in Dean, Fleming, and Schultz, contrary to its express instructions.

Given this distinction, and given the Court's obligation to impose a remedy that is "in tune with the case's realties," *see* **Etter v. J. Pease Constr. Co., 963 F.2d 1005, 1009 (7th Cir. 1992)** (*citing* **Leigh v. Engle, 858 F.2d 361, 368 (7th Cir. 1988)**, the Court is unwilling to accept the "reasonably prudent alternative investment" approach as a measure of damages. The Court finds that the post-sale values of Dean, Fleming, and Schultz shares are relevant to damages here.

Therefore, the Court **DENIES** Defendant's Motion in Limine. (Doc. 129.) Moreover, the Court **FORECLOSES** use of the "reasonably prudent alternative investment" approach as a measure of damages in this case.

**IT IS SO ORDERED**.

Signed this 17th day of October, 2005.

/s/     David RHerndon
**United States District Judge**