IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

GEORGE W. ADLER and
DEBRA ALDER, as TRUSTEES
of the ALDER EMPLOYEES
PENSION FUND,

Plaintiffs,

v.

B.C. ZIEGLER AND COMPANY,

Defendant,

and

BANK ONE TRUST COMPANY, N.A.,

Defendant and Third-Party Plaintiff                  No. 01-C-1119

v.

ALDER GROUP, INC.,

Third-Party Defendant

### MEMORANDUM AND ORDER

**HERNDON, District Judge:**

      Following the conclusion of the defendant and third-party plaintiff Bank One Trust Company, NA's ("Bank One") presentation of its case in chief on its third-party action against the third-party defendant, Alder Group, Inc. ("Alder Group") for indemnification the Court heard the motion of the third-party defendant for an order granting judgment as a matter of law dismissing the third-party complaint and the

third-party action. Having considered the testimony and evidence and the arguments of counsel, the court hereby makes the following findings of fact and conclusions of law

**FINDINGS OF FACT**

1.      The third-party action is based entirely upon a paragraph contained in a corporate resolution of Alder Group, as plan administrator for the Alder Employees Pension Plan. The corporate resolution was passed at the request of Bank One and was said by Bank One to be necessary for the transfer of plan assets from Bank One as the current trustee to Debra Alder and George Alder as successor trustees.

2.      Bank One provided a sample resolution which it asked Alder Group to adopt. Alder Group did adopt that resolution and provided a copy thereof to Bank One before Bank One relinquished its control over the plan assets. While certain provisions of the resolution were reasonably designed to accomplish transfer, such as release of Bank One as trustee, designation of Debra Alder and George Alder as successor trustees and establishment of a transfer date, the form of the resolution submitted by Bank One to Alder Group included the following language of purported indemnification which was not in any way required for Bank One to fulfill its fiduciary obligations to the plan as part of the asset transfer process to a successor trustee.

> BE IT FURTHER RESOLVED: That this Corporation hereby agrees to hold the Bank One Trust Company, N.A. harmless from and against all claims, expenses, liabilities, damages, actions, suits or other charges incurred or assessed against it as the former trustee under the Plan affecting the assets of the trust fund or investment responsibility with

respect to such assets . . . .

3. No witness of Bank One at trial attempted to justify the inclusion of the above-quoted purported indemnification language as being in any way necessary for the fulfillment of th efiduciary duties of Bank One as an outgoing trustee, the fiduciary duties of Debra Alder or George Alder as successor trustees or the fiduciary duties of Alder Group as plan administrator. The only testimony at trial was that the quoted language was inserted in the sample resolution form that Bank One sent to plan administrators in circumstances such as this at the direction of attorneys for Bank One. Furthermore, employees of Bank One who testified at trial, who were the Certified Employee Benefits Specialist who worked with the plan sponsor and the plan administrator while Bank One was the plan trustee and the Manager responsible for closing the account and facilitating the transfer of plan assets to the successor trustee stated that they knew of no reason for any attempt to require an indemnification for Bank One upon its replacement as plan trustee and both considered it inappropriate for Bank One to require an indemnification for its own conduct as a condition to surrendering plan assets to successor trustees.

4. There was no offer or acceptance and no consideration demonstrated such as would be necessary to find a contract for indemnification between Bank One and the Alder Group.

## CONCLUSIONS OF LAW

1. The principal action was brought pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), **29 U.S.C. § 1001 *et seq*.** and

is an action between plan fiduciaries, to wit present and former trustees of a qualified retirement plan and another entity acting at the behest of a plan trustee.

2. The third-party action was brought by a plan fiduciary, Bank One, which is the former trustee of the qualified plan. The third-party defendant Alder Group, is also a plan fiduciary, the administrator for the qualified plan.

3. Jurisdiction for the third-party complaint and action was premised, at least in part, on **28 U.S.C. § 1367** "because this third-party complaint presents a claim that forms part of the same case or controversy as the claims asserted by the plaintiff and over which this court has original jurisdiction." *Third-party Complaint of Defendant and Third-Party Plaintiff Bank One Trust Company, NA.,* ¶ 1. Further, Bank One as third-party plaintiff concedes its status as a trustee of the assets of the Alder Employees Pension Plan and Trust Third-Party Complaint, ¶ 7 and affirmatively asserts Alder Group's status as plan administrator of the Alder Employees Pension Plan and Trust [Third-Party Complaint ¶ 3].

4. The effort of Bank One, a plan fiduciary, to seek indemnification for its performance as a plan fiduciary from Alder Group, another plan fiduciary, and pursuant to a purported indemnification arrangement contained in a plan document drafted for the purpose of transferring fiduciary responsibilities from a plan trustee to successor plan trustees is an attempt to relieve a fiduciary from liability and is void as against public policy pursuant to **§ 410(a)** of the Employment Retirement Income Security Act, **29 U.S.C. § 1110(a).**

**THEREFORE IT IS ORDERED** that the third-party defendant Alder Group, Inc. shall have judgment against the defendant and the third-party plaintiff Bank One Trust Company, NA dismissing the third-party action in its entirety on the merits and with costs.

**IT IS FURTHER ORDERED** that the court will consider Alder Group, Inc.'s application for attorneys' fees pursuant to **29 U.S.C. § 1132(g)(1)** at a time and in a manner to be determined by the court upon receipt of the third-party defendant's motion for such fees.

    **IT IS SO ORDERED**.

    Signed this 16th day of August, 2006.

    /s/    David   RHerndon
**United States District Judge**