IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

GEORGE W. ADLER and
DEBRA ALDER, as TRUSTEES
of the ALDER EMPLOYEES
PENSION FUND,

Plaintiffs,

v.

B.C. ZIEGLER AND COMPANY,

Defendant,

and

BANK ONE TRUST COMPANY, N.A.,

Defendant and Third-Party Plaintiff           No. 01-C-1119

v.

ALDER GROUP, INC.,

Third-Party Defendant

# MEMORANDUM AND ORDER

HERNDON, District Judge:

## I. INTRODUCTION

Before the Court is Plaintiffs' Motion for Attorney's Fees against B.C. Ziegler ("Ziegler") (Doc. 203) and Plaintiffs' Bill of Costs against Ziegler (Doc. 205). Ziegler

Page 1 of 12

has filed a response in opposition to the motion for attorney's fees (Doc. 225) and objections to the bill of costs (Doc. 223). Plaintiffs have filed replies (Docs. 238, 231). Ziegler has also filed a motion to file the affidavit of Terry E. Nilles in surreply to Plaintiffs' motion for attorney's fees (Doc. 245). As a preliminary matter, the Court **GRANTS** Ziegler's motion to file a surreply. (Doc. 245.)

## II. ANALYSIS

### A. Plaintiffs' Bill of Costs

Plaintiffs move, pursuant to **Federal Rule of Civil Procedure 54(d)**, for an award of costs as set forth in the Bill of Costs (Doc. 205):

| | | |
|---|---|---:|
| (1) | Fees of the Clerk | $ 430.00 |
| (2) | Fees of court reporter for all/part of transcript obtained for use in case | $ 6,798.64 |
| (3) | Fees for witnesses (itemized separately) | $ 54.00 |
| (5) | Fees for exemplification and copies of papers for use in case | $ 6,674.36 |
| **TOTAL:** | | **$13,957.00** |

Ziegler opposes two items within Plaintiffs' Bill of Costs: 1) $280 in admission fees (included under "Fees of the Clerk") for three of Plaintiffs' attorneys to practice in the United States District Court for the Eastern District of Wisconsin, and 2) $6,674.36 in photocopy charges.

### 1. Admission Fees

Ziegler contends that Ziegler should not have to pay for the admission fees of

Plaintiffs' attorneys. Although courts have the discretion to tax as costs the fees of the clerk, which are established by **28 U.S.C. § 1914**, this Court, along with other courts, does not believe that admission fees are appropriately taxable. ***Liquid Dynamics Corp. v. Vaughan Co., Inc.*, 2002 WL 31207212, \*1 (N.D.Ill. 2002);** *Romero v. United States*, **865 F.Supp. 585, 594 (E.D.Mo. 1994) ("such fees are an expense of counsel for the privilege of practicing law in the court.")**. Therefore, the Court will disallow these costs.

### 2. Photocopying expenses

As for the photocopying costs, Ziegler argues that Plaintiffs have not satisfied their burden of providing sufficient details regarding the photocopying expenses to prove that the expenses were reasonable and for use in the case. Specifically, Ziegler questioned an invoice submitted by Balmar Services Inc. in the amount of $3,127.38, which included a $1,355.00 overtime charge. Plaintiffs respond that they have already provided sufficiently detailed documentation; however, in reviewing the photocopying expenses, Plaintiffs also concede that they discovered that of the $3,127.38 Balmar invoice, in actuality, only $90.00 in photocopying costs were related to this matter. Therefore, Plaintiffs revised their request for photocopying expenses to $3,636.98.

While the Court does not expect Plaintiffs to produce a statement of photocopying expenses that goes into elaborate detail about each item, the Court does need something beyond what Plaintiffs have produced in order to verify that the

expenses were, in fact, "reasonably necessary for use in the case." ***Goluba v. Brunswick Corp., Mercury Marine Division,* 139 F.R.D. 652 (E.D. Wis. 1991)** *quoting **M.T. Bonk v. Milton Bradley Company and Hasbro Co.*, 945 F.2d 1404 (7th Cir. 1991).** The Plaintiffs have not provided any description whatsoever to guide the Court in its determination of whether the documents copied were necessary for use in the case. Furthermore, while the Court appreciates Plaintiffs honesty regarding the error it made in regard to the Balmar invoice, the Court is concerned about what other errors might be uncovered if a more detailed description of the photocopying expenses was produced. The Court finds that reducing the remaining photocopying expenses by 50% is a fair and reasonable resolution. Therefore, the Court will permit $1,818.49 in photocopying expenses.

Ziegler does not dispute any of the other costs contained within the bill of costs. Therefore, the Court will let these costs stand. The Court finds the following amended amounts are taxable against Ziegler:

| | | | |
|---|---|---|---|
| (1) | Fees of the Clerk | $ | 150.00 |
| (2) | Fees of court reporter for all/part of transcript obtained for use in case | | $ 6,798.64 |
| (3) | Fees for witnesses (itemized separately) | $ | 54.00 |
| (5) | Fees for exemplification and copies of papers for use in case | | $ 1,818.49 |
| | **TOTAL:** | | **$ 8,821.13** |

**B. Plaintiffs' Motion for Attorney's Fees**

Plaintiffs have moved, pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 54(d)** and **Section 502(g)** of the **Employment Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001** *et seq.* for an award of attorney's fees in the amount of $523,902.70. The Court finds, in light of Plaintiffs' limited success, that Plaintiffs are only entitled to $216,109.86 in attorney's fees.

In the Seventh Circuit, there is only a "modest presumption" in favor of awarding *reasonable* attorney's fees to a prevailing party in ERISA cases. ***Herman v. Central States, Southeast and Southwest Pension Fund*, 423 F.3d 684, 695-696 (7th Cir. 2005)**. In determining whether attorney's fees should be awarded, the Seventh Circuit has recognized two tests. Under the first test, "[a]n award of fees to a successful defendant may be denied if the plaintiff's position was both 'substantially justified' – meaning something more than non-frivolous, but something less than meritorious – and taken in good faith, or if special circumstances make an award unjust." *Id.* **(citations omitted).** In the second test, courts consider five factors when determining whether to award attorney's fees. Those factors include:

> (1) the degree of the offending parties' culpability or bad faith; (2) the degree of the ability of the offending parties to satisfy personally an award of attorneys' fees; (3) whether or not an award of attorneys' fees would deter other persons acting under similar circumstances; (4) the amount of benefit conferred on members of the pension plan as a whole; and (5) the relative merits of the parties' positions.

*Id.* **(citations omitted).** The Seventh Circuit has repeatedly held that regardless of

the test used, the issue is the same: "was the losing party's position substantially justified and taken in good faith, or was that party simply out to harass its opponent?" *Id. quoting Quinn v. Blue Cross & Blue Shield Ass'n,* **161 F.3d 472, 478 (7th Cir.1998).** The Court undertakes its analysis guided by this question. Furthermore, the Court's ultimate determination regarding what is a reasonable award of attorney's fees in this case was made with two concerns in mind: 1) Plaintiffs' limited degree of success and proportionality and 2) settlement offers.

Before going any further, however, the Court wishes to recount the pertinent facts related to damages and attorney's fees in this case. This case was filed over five years ago. Attorneys working for four different parties spent countless hours - with at least some of those hours billed at $570 - working on a case that in the Court's opinion had very little merit. In the end, Plaintiffs went to trial on two claims against Bank One and one claim against Ziegler. The Court found in favor of the Plaintiffs only on the claim against Ziegler. The damages sought by Plaintiffs were a moving target throughout this litigation. In Plaintiffs' demand letter to Ziegler, Plaintiffs claimed damages in excess of $1,000,000. (Doc. 227.) However, in Plaintiffs' reply memorandum (Doc. 238), Plaintiffs claim that prior to filing the lawsuit, they were seeking "slightly more than $300,000" but that they "definitely [would have] settled the case for $150,000" and would have "seriously considered settling for $100,000." (Doc. 238, p. 9.) Yet, by May 2004, Plaintiffs report in their reply memorandum that they had an expert report that set the damages at somewhere between $500,000 and $1.5 million before prejudgment interest. (Doc. 238, p. 11.) In the end, the Court

awarded Plaintiffs $69,823.83 in damages and $19,765.88 in prejudgment interest, a far cry from the $300,000, let alone $1.5 million, in damages that were sought. On top of that, Plaintiffs incurred, in total, nearly $680,000[1] in legal fees.

### 1. Plaintiffs' Limited Degree of Success and Proportionality

The United States Supreme Court has held that if a plaintiff has achieved limited success "the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. . .Congress has not authorized an award of fees whenever it was reasonable for a plaintiff to bring a lawsuit or whenever conscientious counsel tried the case with devotion and skill. Again, the most critical factor is the degree of success obtained." ***Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983).**

It is true that Plaintiffs are the prevailing party in the strictest sense of the term. Plaintiffs, however, seem to believe the story starts and ends there.[2] This is simply not the case. Within the context recounted above, Plaintiffs obtained a very limited degree of success.

---

[1] This includes $25,000 in reported legal fees from local counsel; however, Plaintiffs chose not to include this amount in their total amount of requested fees. Therefore, the Court's award does not include the local counsel's legal fees either.

[2] Plaintiffs hold on to their title of "prevailing party" as though it alone determines the amount of the award of attorney's fees. (*See* Doc. 238, p. 8.) No one is claiming that Ziegler is the prevailing party. Plaintiffs citation to ***Rice v. Sunrise Express, Inc.*, 237 F.Supp.2d 962 (N.D. Ind. 2002)** for the proposition that party that prevails on central issue in case is prevailing party illustrates that Plaintiffs fail to understand the distinction between the concept of "prevailing party" and "degree of success." ***Rice***, a case that dealt with the **Family Medical Leave Act**, held that damages awarded may be only one factor to consider, particularly with civil rights suit, where the litigation may be quite complex and the goal not necessarily monetary . Even the court in ***Rice*** recognized that the most important factor is the *degree* of success obtained. ***Id.* at 974.**

Plaintiffs merely prevailed on only one out of three of their claims. In light of this fact, Plaintiffs acknowledge that their fees should be reduced, but only by 20%, to reflect the time that was spent working solely on losing claims against Bank One. The Court recognizes that while there may have been some overlap of the issues on Count Two (where both Bank One and Ziegler were named Defendants), the Court believes that the issues contained within Count One (namely, the alleged failure of Bank One to follow the holding instructions) were entirely separate and did not involve Ziegler in the least. It would be unreasonable, not to mention unfair, to require Ziegler to pay for attorney's fees incurred in the pursuit of a losing claim against another party, particularly when the claim was separate and independent.

Furthermore, in the Court's mind, the question is not simply whether or not Ziegler was liable, as Plaintiffs seem to suggest. Instead, the Court believes that it must consider whether Ziegler was justified in its assessment that it was not liable for the amount of damages claimed by Plaintiffs. As discussed above, the Court awarded Plaintiffs only a small proportion of the damages to which they claimed they were entitled.[3] In light of the Court's award of very limited damages, Ziegler was substantially justified in its position. This consideration also factors into the Court's determination of Plaintiffs' degree of success. Unlike other cases where plaintiffs might be seeking something beyond monetary compensation, it is very clear that this

---

[3] The Court wishes to remind Plaintiffs that this was due in large part to the Court's finding that Plaintiffs had discovered or reasonably should have discovered the liquidation of the subject stock by January 16, 2001 and that any award of damages past that date would unfairly enrich Plaintiffs. (Memorandum and Order, August 16, 2006, ¶¶ 32-36.)

Page 8 of 12

Case 2:01-cv-01119-DRH   Filed 12/21/06   Page 8 of 12   Document 250

case was about one thing and one thing only: monetary damages. If Plaintiffs believed they had suffered damages in excess of $1,000,000, as their original demand letter to Ziegler indicates, an award of damages of less than $70,000 plus pre-judgment interest is downright disappointing, particularly when Plaintiffs incurred nearly $700,000 to obtain that result. The award of damages is disproportionate both in terms of the damages sought, as well as the legal fees that were incurred in reaching that very limited result. Accordingly, this factor weighs heavily in favor of reducing Plaintiffs' attorneys' fees.

### 3. Settlement Offers

In opposition to Plaintiffs' motion for attorney fees, Ziegler argues that the Court should consider settlement offers proposed by Ziegler at different stages as another factor weighing in favor of reducing Plaintiffs' attorneys' fees. Both parties offer dueling affidavits from their legal counsel disputing the exact details of settlement negotiations throughout litigation of this matter. Despite Plaintiffs' claims to the contrary, the Court believes based on ***Moriarty v. Svec*, 233 F.3d 955, 967 (7th Cir. 2000)** that it not only may, but should consider settlement offers when determining an award of reasonable attorneys' fees. While some of the facts are disputed, this much is clear: Ziegler made at least two offers to settle - once sometime in August of 2002 and again in May of 2004 during mediation. The latter offer was in the amount of $110,000. Both parties agree on this. Obviously, this amount exceeds the amount awarded to Plaintiffs in the end. Plaintiffs rejected this

offer, because in their estimation at the time, the damages were at least $500,000. In addition, as Plaintiffs' counsel notes, at that point in time, Plaintiffs had expended $364,000 in attorneys' fees. (Affidavit of Edward A. Scallet, Doc. 239, ¶ 12.) The Court is troubled by two things. First, it is troubling that Plaintiffs had so poorly misjudged the damages in this case. Bank One and Ziegler's settlement offers (or lack thereof, as the case may have been with Bank One) were appropriate in light of the outcome of this case. Ziegler's final offer in May 2004 was substantially justified by all accounts. Being all too familiar with this case, the Court is frankly astounded that Plaintiffs' counsel ever believed that the damages in this case were anywhere near $1.5 million. This is a classic case of plaintiffs "aiming too high" while "inflicting heavy costs" on opponents and "wasting the time of the court." ***Hyde v. Small*, 123 F.3d 583, 585 (7th Cir. 1997).** Second, while Plaintiffs' counsel never comes right out and says it, it seems clear that at some point the astronomical attorneys' fees became a part of the damages sought - certainly in terms of settlement. In the Court's estimation, had the Plaintiffs made a better assessment of their case early on, this case would have settled years ago. The Court does not wish to reward attorneys who fail to sufficiently assess the value of their case while racking up unreasonable amounts of attorneys fees in the process, thereby rendering settlement efforts entirely futile. Therefore, this factor also weighs heavily in favor of reducing Plaintiffs attorneys fees.

Ziegler also asserts that Plaintiffs attorney's fees should be reduced because Plaintiffs did not make a sufficient attempt to find counsel in the local area. While

Page 10 of 12

Case 2:01-cv-01119-DRH   Filed 12/21/06   Page 10 of 12   Document 250

this may in fact have been true, the Court finds this argument too speculative based on the facts before it. The Court will not adjust the hourly rate charged by Plaintiffs' counsel.

In terms of the exact amount of attorney's fees that the Court deems reasonable, the Court concludes that for all of the foregoing reasons, Plaintiffs are only entitled to 1/3 of the total amount of fees claimed in Plaintiffs' motion ($654,878.37). This amount is not based on any particular mathematical formula, but rather is a percentage the Court deems reasonable after weighing all of the relevant considerations. Therefore, the Court awards Plaintiffs $216,109.86 in attorney's fees.

### III. CONCLUSION

The amount of taxable costs as stated in Plaintiffs' original Bill of Costs has hereby been amended by the Court. Accordingly, Plaintiffs' Bill of Costs (Doc. 205) is hereby **GRANTED IN PART AND DENIED IN PART**, as the Court has determined certain costs are taxable but not in the amount originally requested by Plaintiffs. The Clerk of the Court shall therefore enter a taxation of costs against Plaintiffs in this matter in accordance with this Order in the total amount of **$ 8.821.13.**

Furthermore, because of the modest presumption in favor of awarding attorney's fees in ERISA cases and Plaintiffs limited success on Count II against Ziegler, the Court finds that Plaintiffs are entitled to some attorney's fees in this case. Therefore, the Plaintiffs' motion for attorney's fees (Doc. 203) is also **GRANTED IN**

**PART AND DENIED IN PART**, as the Court has determined that Plaintiffs are only entitled to reduced fees in the amount of **$216,109.86**.

       **IT IS SO ORDERED**.

Signed this 21st day of December, 2006.

                                                   /s/       David  RHerndon
                                               **United States District Judge**